UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-00670-H

THE CINCINNATI INSURANCE COMPANY,                      PLAINTIFF

V.

OMEGA FLEX, INC.,                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

In anticipation of trial, scheduled for April 9, 2013, both parties have raised numerous evidentiary issues which the Court has now had the opportunity to review and discuss with counsel. The Court has considered the motions in some detail and is now prepared to rule.

I.

To the extent that the motions merit discussion, the Court comments on the following:

With respect to Plaintiff's motion to bar reference to the testing of the effectiveness of electrical bonding, the Court will permit Defendant expert Dr. Stringfellow to testify as to subject matter evidenced in his expert report and restated in his deposition. As a general rule, experts will be allowed to testify concerning information, reports and observations contained in their Rule 26 disclosure or specifically referenced in their depositions. As discussed with counsel, Dr. Stringfellow may not post-hoc supplement his testimony with information that was not disclosed at the time of his deposition. The Bonding Report is inadmissible.

With respect to Plaintiff's motion in limine to bar any and all reference to electrical bonding, Defendant is permitted, subject to objection, to put on countermanding evidence that bonding would have perhaps prevented the loss. Cross-examination of that theory is sufficient to address any deficiencies in testimony or opinions on bonding.

1

With respect to Defendant's motion to exclude or limit the testimony of Dr. Thomas Eager, Dr. Eager's professional qualifications permit him to testify as to causation and defective design, to the extent such opinions are metallurgical in nature. However, Dr. Eager may not opine generally as to the standard of care of manufacturers or specifically as to Omega Flex's conduct. Such opinions are outside his field of expertise, metallurgy.

With respect to Defendant's motion to limit the opinions of Plaintiff's cause and origin expert, Mr. Lynn Nobles, Mr. Nobles is permitted to testify as to the opinions expressed in his cause and origin report but may not testify to matters outside his area of expertise, such as the field of electrical engineering.

With respect to Defendant's motion to preclude evidence of personal property damages totaling $431,061.64, it is well settled in Kentucky "that the proper measure of damages for injury to *personal* property is the difference in the fair market value of the property before and after the accident." *McCarty v. Hall*, 697 S.W.2d 955, 956 (Ky. Ct. App. 1985).[1]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Bar the Reference to Testing of the Effectiveness of Electrical Bonding [Doc. 52] is DENIED IN PART and GRANTED IN PART. Experts are permitted to give testimony consistent with expert reports and prior depositions, but may not supplement such opinions with information disclosed following the close of discovery.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Bar the Testimony of Michael Stringfellow, Ph.D. [Doc. 53] is DENIED.

---

[1] The Court highlights that this motion is concerning *personal* property, so reliance on a measure of damages for *real* property is misplaced.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Bar the Testimony of Douglas C. Buchan [Doc. 54] is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Bar Any and All Reference to Electrical Bonding [Doc.55] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Exclude Plaintiff's Causation Expert, Dr. Thomas Eager, or in the Alternative to Limit Dr. Thomas Eager's Testimony [Doc.50] is GRANTED IN PART and DENIED IN PART. Dr. Eager may only testify to the metallurgically significant features and properties of the CSST, and may not testify as to the standard of care for manufacturers.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Exclude All Evidence of Compromise Offers and Settlement Negotiations [Doc. 56] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Exclude Evidence of Subsequent Remedial Measures [Doc. 57] is GRANTED IN PART and DENIED IN PART. Subject to other objections, evidence of Counterstrike I is admissible as it is relevant and not a subsequent remedial measure; evidence of Counterstrike II is excluded pursuant to Federal Rules of Evidence 401 and 403; evidence of subsequent changes to the D&I Guides is excluded pursuant to Federal Rule of Evidence 407.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Limit the Opinions and Testimony of Plaintiff's Cause and Origin Expert Lynn Nobles [Doc.58] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Exclude Expert Opinions Offered by Lay Witness, Gary Lee Woods [Doc. 59] is GRANTED. Per Plaintiff's Witness List [Doc. 70], Mr. Woods is listed as a "factual" witness. As such, he cannot proffer expert testimony.

4

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Preclude Evidence of Personal Property/Contents Damages [Doc. 60] is DENIED. Plaintiff may offer a measure of personal property damages pursuant to Kentucky law.

Date:

cc:     Counsel of Record