UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-00670-M

THE CINCINNATI INSURANCE COMPANY,                                          PLAINTIFF

V.

OMEGA FLEX, INC.,                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

In anticipation of the upcoming jury trial, counsel for both parties appeared on May 13, 2013 before the court as part of a pre-trial telephonic conference to discuss pending matters. There are some outstanding motions upon which the court has yet to resolve. As discussed with the parties, the court does not want to prematurely rule on some motions until the record develops at trial. However, the court is prepared to rule on plaintiff's motion for reconsideration of the court's order limiting the testimony of Dr. Thomas Eager.

On April 5, 2012, the Honorable John G. Heyburn II entered an order limiting the testimony of Dr. Thomas Eager, plaintiff's metallurgist expert. ECF No. 91. The court held that "Dr. Eager may not opine generally as to the standard of care of manufacturers or specifically as to Omega Flex's conduct. Such opinions are outside his field of expertise, metallurgy." *Id*. Plaintiff then moved the court to reconsider its order.

Generally, courts treat a motion to reconsider as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A court may grant such a motion where there "is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.

*GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal quotations omitted). Merely rehashing prior arguments is not the proper purpose of a motion to reconsider. *Carter v. Porter*, 2009 WL 960144, *1 (E. D. Ky. Apr. 6, 2009).

Plaintiff argues that the court committed clear error in limiting Dr. Eager's testimony. Specifically, Plaintiff contends that Dr. Eager is qualified to provide an expert opinion that Omega Flex's conduct violated the standard of care applicable to manufacturers. Plaintiff maintains that the court should permit Dr. Eager to testify concerning a manufacturer's standard of care given his education, research and experience on manufacturing issues.

The Court is unpersuaded by plaintiff's arguments for two reasons. First, the testimony at issue is in the form of an unsupported legal conclusion that embraces an ultimate issue of the case. Pursuant to Federal Rule of Civil Procedure 702, the court's primary consideration in the admission of expert testimony is whether such testimony will assist the trier of fact. In Dr. Eager's report, he stated that Omega Flex violated the standard of care expected of a manufacturer when it failed to warn the public of the danger posed by Tracpipe even after it became aware of the risk of lighting induced failures. Given that this is both a strict liability and negligence case, such testimony will not assist so much as commandeer the jury in evaluating whether Omega Flex violated the applicable standard of care required of a manufacturer. The testimony runs a real risk of invading the province of the jury and deciding an ultimate legal issue. *See Thalji v. TECO Barge Line*, 2007 WL 7702719, * 1 (W.D. Ky. July 13, 2007) ("Although an expert's opinion may embrace an ultimate issue to be decided by the trier of fact, the issue embraced must be a factual one. . . . An expert who supplies nothing but a bottom line supplied nothing of value to the judicial process.") (internal quotations omitted).

Second, the excluded testimony runs afoul of Federal Rule of Civil Procedure 403 because its probative value is outweighed by its potential prejudicial effect. Dr. Eager provides no empirical testing or methodology in support of his opinion, other than his general observations. However, the shroud of expertise will likely elevate his opinion above a mere observation to a legal conclusion. *See Hayes v. MTD Products, Inc.*, 518 F. Supp. 2d 898, 901 (W. D. Ky. 2007) (holding that legal conclusions are reserved for the jury). The jury could potentially afford greater weight than it should to his opinion that Omega Flex violated the applicable standard of care for manufacturers, thereby unduly prejudicing Omega Flex. Plaintiff has failed to meets its burden of demonstrating to the court that it made a clear error of law in its previous order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the court's order limiting the testimony of Dr. Thomas Eager, ECF No. 100, is DENIED. As previously held, Dr. Eager may only testify to the metallurgically significant features and properties of the CSST, and may not testify as to the standard of care for manufacturers.

IT IS FURTHER ORDERED that the court will reserve ruling on Defendant's motion to exclude, or in the alternative, to limit the testimony of Arthur Weirach, ECF No. 94, until trial to determine the relevancy, if any, of his testimony.

This 15th day of May, 2013.

cc: Counsel of Record

TIC: 1 hour, 10 mins.